```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CYNTHIA BOYCE-IDLETT,                  :

                Plaintiff,             :       **MEMORANDUM AND ORDER**
      -against-                        :
                                               06 Civ. 975 (DAB)(KNF)
VERIZON CORPORATE SERVICES             :
CORP.,
                                       :
                Defendant.
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff commenced this action pro se. Subsequently, she engaged counsel who, on her behalf, filed a motion to amend the complaint. The defendant opposed the motion contending, inter alia, the following:

> [T]he document purporting to be plaintiff's original complaint attached to the affidavit of plaintiff's counsel is ***not*** the same as the document served on Verizon or filed with the Court. This is particularly disturbing because, in connection with the filing of this motion, at the request of plaintiff's counsel Verizon provided a copy of the document served on it. Plaintiff makes no reference to the fact that plaintiff never served Verizon with the document her counsel now claims was the original complaint, and plaintiff's counsel makes no effort to explain or justify this omission.

In a reply affidavit, the plaintiff's counsel stated that a copy of the complaint submitted with the plaintiff's motion "is a true and complete copy of plaintiff's original pro se complaint on file with the Court."

*Court's In Camera Review*

After conducting an in camera review, the Court found that discrepancies exist between

1

the parties' submissions in connection with the motion to amend the complaint and the pertinent documents in the file maintained by the Clerk of Court ("Clerk"). The Court's review revealed that the first page of the complaint filed with the Clerk bears the court's stamp indicating:

> FILED
> U.S. DISTRICT COURT
> 2006 FEB 8 AM 10: 36
> S.D. OF NY

while the copy of the complaint served on the defendant and included with the affirmation of the plaintiff's counsel, submitted in connection with the plaintiff's motion to amend the complaint, bears a stamp indicating:

> RECEIVED FEB 08 2006
> U.S.D.C.S.D.N.Y.
> CASHIERS

The first page of all three versions of the complaint, the one on file with the Clerk and those submitted by the parties in connection with the instant motion, indicates that the plaintiff is bringing an action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"), all as amended.

The second page of the complaint on file with the Clerk and the one served on the defendant is identical. However, while those two versions indicate that the defendant's business is located in "Manhattan" County and that the plaintiff was employed by the defendant in "Manhattan" County, the spaces where this information should be inserted are blank in the version of the complaint submitted by the plaintiff's counsel with her affirmation.

Page three of the version of the complaint filed with the Clerk and the one served on the

defendant indicates that the defendant discriminated against the plaintiff on her "[ ✓] disability Lupus, hypertehsnion and heart."  The version of the complaint submitted by the plaintiff's counsel indicates that the defendant discriminated against the plaintiff on her "[ ✓] disability _____," but does not contain the rest of the relevant text found in the other two versions of the complaint.  The Court also notes that, although the text of the versions of the complaint filed with the Clerk and served on the defendant is the same, the handwriting and punctuation are not, indicating that this page has been altered.

Page four of the complaint also contains discrepancies.  The version of the complaint filed with the Clerk indicates the following:

> 8. The facts of my case are as follows:
> Enclosed are documents/facts as they pertain to denial of benefit[t] election- See Exhibit 1- ERISA 502A
> Enclosed are documents/facts as they pertain to discrimination due to disability, color & race- see exhibit 2.

Page four of the version of the complaint served on the defendant contains the same text in a different handwriting.  The version of the complaint submitted by the plaintiff's counsel, with her affirmation, contains the same text, in yet another handwriting different from that found on the versions of the document filed with the Clerk and served on the defendant, except that the text "ERISA 502A" is missing.  Page five, the last page of the complaint, appears to be identical in all three versions of the document.

Upon its review and comparison of the pertinent documents, the Court also found that discrepancies exist between the exhibits filed with the Clerk, those served on the defendant and those submitted by the plaintiff's counsel with the motion to amend the complaint.  For example, the defendant claims it has not been served with what purports to be Exhibit 2.  Additionally, one

document consisting of 22 pages, submitted by the plaintiff's counsel as part of Exhibit 1 and entitled "The Plan for Group Insurance (As Amended and Restated Effective January 1, 2002)," is missing from the version of Exhibit 1 and Exhibit 2 that was filed with the Clerk and the version of Exhibit 1 that was served on the defendant. The plaintiff also submitted to the Clerk a significant number of duplicate copies of various exhibits, in a looseleaf format, haphazardly, and without any explanation. On May 9, 2007, the Court issued an order directing the parties to review the file maintained by the Clerk and to submit competent evidence that explains the discrepancies that exist between the various documents purported to be identical.

*Parties' Explanations of Discrepancies*

The plaintiff's counsel submitted an affidavit contending: (1) "there are no discrepancies between the copy of the Complaint filed with the Court by plaintiff when commencing this action pro se and the copy of plaintiff's complaint submitted in connection with her motion. The only discrepancy lies with the attached exhibits;" (2) some of the documents in Exhibit 1 in the Clerk's file were not in the same sequence in which the plaintiff submitted them in connection with the plaintiff's motion; (3) "[a] copy of a confirmation statement of plaintiff's benefits that is [contained] in the Court's copy of the complaint was inadvertently omitted from plaintiff's submission, while four additional pages of confirmation statements were submitted as exhibits to the complaint on the motion to amend but were not contained in the Court's filed copy;" (4) [t]he copy of the complaint submitted to the Court in connection with the motion to amend attached two documents, The Plan for Group Insurance and Disability Income Protection Questions, dated November 14, 2001, that were not contained in the Court's copy; (5) the plaintiff submitted only one set of Exhibit 1 and Exhibit 2 to the Court originally; and (6) the second set of Exhibit 2 in

the Clerk's file contains a four-page document entitled Verizon Sickness Disability Benefits and a two-page document entitled Verizon Vacation Policy that were not contained in the plaintiff's submission. The plaintiff's counsel contends that the discrepancies between the exhibits contained in the Clerk's file and the exhibits submitted with the plaintiff's motion "are the result of human error." Furthermore, the plaintiff's counsel states: "I hereby represent to the Court that [to] the best of my knowledge the copy of the complaint and exhibits submitted to the Court in connection with plaintiff's motion to amend was identical to the copy of the complaint and exhibits that plaintiff provided to my office when she retained us as counsel in this matter." In order to correct discrepancies between the plaintiff's copy and the copy submitted to the Court with the instant motion, the plaintiff's counsel requests that the Court: (a) deem the complaint with Exhibit 1 and both Exhibits 2 the true copy of the plaintiff's pleading; and (b) substitute it for the original pro se complaint the plaintiff submitted to the court.

The plaintiff also filed an affidavit in response to the Court's May 9, 2007 order, stating that her counsel's explanation of the discrepancies that exist respecting the various documents noted above is "true and accurate in all respects." The plaintiff also stated: (i) "I hired a licensed process server to serve a copy of the complaint and the attached exhibits that I had filed in Court;" and (ii) "At the time I retained The Law Office of Donna H. Clancy to represent me in this matter, I turned over my entire file including my copy of the complaint and the corresponding exhibits."

The defendant's counsel submitted an affidavit contending: (a) there are material differences between the complaint attached to the affirmation of the plaintiff's counsel and those filed with the Clerk and served on the defendant; (b) Exhibit 2 was never served on the

defendant;  (c) the Clerk's file contains a second set of Exhibits 1 and 2, which is not identical to the first set of exhibits in the Clerk's file and which was not served on the defendant; (d) the defendant has no explanation for the discrepancies that exist or why the plaintiff's counsel determined that the complaint in the Clerk's file and the one attached to her affidavit are identical.  Furthermore, the defendant's counsel opposes the plaintiff's request, that the Court: (i) deem the complaint and exhibits in the Clerk's file the true copy of the plaintiff's pleading; and (ii) substitute it for the pro se complaint the plaintiff filed to initiate this action.  The defendant's counsel contends the plaintiff's counsel failed to explain: (a) why the document filed with the Clerk was not the document served on Verizon; and (b) why she failed to advise the Court that the document she claimed to have been the original complaint was not served on Verizon.  The defendant's counsel maintains "[i]t would be unfair to deem Verizon to have notice of documents that were filed with the Court when those documents were not served on it."

As noted above, the plaintiff's counsel submitted a reply affidavit.  Through that document, she contends: (a) the issue of discrepancies in exhibits is one of form and not of substance; (b) the defendant answered the complaint without asserting any defense related to improper service; (c) the defendant's determination to raise the issue of improper service now, is "little more than a transparent attempt to divert the court from the merits of plaintiff's motion;" and (d) the defendant failed to show it suffered any prejudice, "due to the apparent confusion regarding the identity of the documents comprising Exhibit 2 of the pro se complaint.

*Fed. R. Civ. P. 11*

Fed. R. Civ. P. 11 provides, in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a

>pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . (3) the allegations and other factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b); (b)(3).

Rule 11 applies to: (a) attorneys; (b) a party represented by an attorney; and (c) a party who appears in an action pro se, and signs and submits to a court a pleading, motion or other paper. See Business Guides, Inc. v. Chromatic Communications Enter., Inc. 498 U.S. 533, 545-46, 111 S. Ct. 922, 930-31 (1991). A person who makes a representation to a court that a fact is true or false certifies that she has complied with Fed. R. Civ. P. 11 obligations to the best of her knowledge, information and belief, formed after an inquiry reasonable under the circumstances. If, after notice and a reasonable opportunity to respond, a court determines that Fed. R. Civ. P. 11(b) has been violated, it may impose an appropriate sanction(s) upon the violator. See Fed. R. Civ. P. 11(c). A court may, on its own initiative, enter an order describing specific conduct that appears to violate the Rule. See Fed. R. Civ. P. 11(b) and directing a party subject to sanctions to show cause why it has not violated Fed. R. Civ. P. 11(b). See Fed. R. Civ. P. 11 (c)(1(B). The standard for triggering sanctions under Fed. R. Civ. P. 11 is one of objective unreasonableness on the part a party, a party's attorney or an unrepresented party who has signed and submitted papers to a court. See Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003).

It appears to the Court, based on its review of the complaint in the Clerk's file and the copy of the complaint submitted with the plaintiff's motion, that discrepancies exist between these two documents and that they are not identical. After being alerted that a copy of the complaint submitted with her motion and the complaint served on the defendant are not the same

and, furthermore, after being directed by the Court to account for the discrepancies that the Court determined exist between the complaint in the Clerk's file and the copy of the complaint submitted with the plaintiff's motion, as discussed above, the plaintiff and her counsel persist in representing to the Court, through signed affidavits, that those two documents are identical. The plaintiff and her counsel make factual contentions that appear to: (a) have no evidentiary support; and (b) be contrary to the evidence that has been presented to the Court.

For example, the plaintiff's counsel contends the plaintiff "presented to [her] office a copy of [] exhibits [one and two] in the form and sequence in which she believed that they were filed without realizing that errors in photocopying and sequencing had resulted in these exhibits being filed with the Court with omissions and in a different sequence." However, while the plaintiff's counsel attempts to justify the omissions and sequence errors, she makes no effort to explain the inclusion of documents with the plaintiff's motion that were not filed with the Clerk. Furthermore, the fact that the defendant had copies of the documents included with the motion, but not contained in the Clerk's file, is irrelevant to the representation made to the Court by the plaintiff and her counsel, in filing the motion, that a true copy of the plaintiff's complaint, as originally filed, with all supporting exhibits, was attached to the motion.

In addition, the Court notes, the plaintiff has failed to make citation to any authority for the proposition that prejudice to an adversary party must be demonstrated where the obligations imposed on litigants and their counsel by Fed. R. Civ. P. 11 are not met.

Contrary to the assertion of the plaintiff's counsel, the issue of discrepancies between the pertinent documents is not one of form because where a signature is placed on a pleading, motion or other document presented to a court, the signatory is certifying that certain criteria have been

8

met. When, upon close scrutiny it appears that the criteria have not been met, Fed. R. Civ. P. 11 is implicated. The principle underlying Fed. R. Civ. P. 11 is one of substance and imposes an obligation on attorneys and parties "to refrain from conduct that frustrates the aims of Rule 1 [of the Federal Rules of Civil Procedure]": the just, speedy and inexpensive determination of every action. See Fed. R. Civ. P. 11 Advisory Committee Notes, 1993 Amendment.

Inasmuch as it appears to the Court, based on the above, that the plaintiff and her counsel have acted in contravention of Fed. R. Civ. P. 11(b), they shall, on or before September 12, 2007, show cause why they have not violated Fed. R. Civ. P. 11(b).

Dated: New York, New York
August 30, 2007

SO ORDERED:

*/Kevin Nathaniel Fox/*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Donna Clancy, Esq.
Robert Levy, Esq.
Matthew T. Miklave, Esq.